# Allen v. Mutual Compress Co.

*Action upon a Contract of Hire.*

1. *Contract of hiring; right of employer when satisfaction guaranteed.*— A contract of hiring by which the employé "guarantees to give satisfaction," invests the employer with full power to determine whether the labor performed is satisfactory, and the reasonableness of the grounds of dissatisfaction can not be inquired into by a court in an action brought by the employé for the wages which would have accrued under said contract subsequent to his discharge.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

This action was brought by Osborn Allen, the appellant, against the Mutual Compress Company; and counted on a contract, which had been entered into by the plaintiff and the defendant.

The plaintiff was employed by the defendant under a written contract, which, among other provisions, contained the provision which is copied in the opinion, by which the plaintiff guaranteed satisfaction to his employer. After working a while the defendant paid the plaintiff in full for the time of actual service, and discharged him on the ground as stated—that he did not give satisfaction. The present suit is for the instalments of wages, which would have accrued subsequent to the discharge of the plaintiff by the defendant, and which were claimed on the contention that the said discharge was wrongful The defendant set up as a defense, by

special plea that under the said contract it had the right to discharge the plaintiff if his services were not satisfactory, and as it was not satisfied with the services of the plaintiff it discharged him. The other facts of the case are sufficiently stated in the opinion. Upon the introduction of all the evidence the court, at the request of the defendant, instructed the jury as follows: ''If the jury believe the evidence, they must find for the defendant.'' The plaintiff duly excepted to the giving of this charge, and also duly excepted to the court's refusal to give the charges requested by him. There were several rulings of the court upon the evidence, but the opinion renders it unnecessary to notice them in detail. There was judgment for defendant, and plaintiff appeals.

RICHARDSON & REESE, for appellant.

BRICKELL, SEMPLE & GUNTER, *contra.*—The · weight of authority holds that it is the province of the employer to determine whether the services of his employé are satisfactory, when under a contract of employment the servant guarantees to give satisfaction.—*Bash v. Bash,* 9 Pa. St. Rep. 260 ; 2 Parsons on Contr., 15 ; *Cline v. Libby,* 32 Am. Rep. 700 ; *Gibson v. Cranage,* 33 Am Rep. 351 ; and authorities in note ; *Johnson v. Bindseil,* 8 N. Y. Supplement 485 ; *Tyler v. Ames,* 6 Lansing 280 ; *McCarren v. McNulty,* 7 Gray. 139.

COLEMAN, J.—The questions presented in the record for consideration arise from the construction of a provision in a written contract of employment. The defendant employed the plaintiff for a period of five months, at two dollars per day, to sew and tie cotton bales for the compress. After serving a little over one month, the defendant paid the plaintiff for the time of service rendered, and discharged him, claiming that under the contract it had the right to discharge the defendant whenever it became dissatisfied with the services of the defendant, and that it was the sole judge of the sufficiency of the cause. The provision of the contract under which this right is claimed is as follows : "We guarantee to give satisfaction in sewing and tying, or any other work that we may be required to do." The defense to the complaint was that plaintiff failed to give satisfaction.

The authorities are not altogether harmonious. In some it is held that a stipulation of similar import in a contract arms the party, for whose benefit it was made, with unquestioned authority to consult only his own judgment, will or feelings, and the reasonableness of the grounds of dissatisfaction is not a matter of enquiry. *Cline v. Libby*, 32 Amer. Rep. 700 ; *Gibson v. Cranage*, 33 Amer. Rep. 351, and authorities cited in note; *McCarren v. McNulty*, 7 Gray 139 ; *Tyler v. Ames*, 6 Lansing 280. On the other hand, there are authorities which hold that an employer can not dismiss his servant without actual cause.—*Jones v. Graham*, 16 N. W. Rep. 893 ; *Dagget v. Johnson*, 49 Vt 345. The latter case grew out of a purchase of milk pans, and the stipulation was that the purchaser was to pay for them ''if satisfied with the pans.'' The supreme court held ''that the defendant had no right to say without cause that he was dissatisfied and would not pay for the pans, * * that the dissatisfaction must be actual, not feigned, real, not merely pretended.''

It seems to us the latter authorities render nugatory an important provision in the contract. Exclude from the contract the provision, ''satisfaction guaranteed,'' or ''if satisfactory,'' and it is clear that ''for cause,'' ''actual cause,'' ''good cause,'' the party would have the right to discharge the employé or reject the article. Parties make their own contracts, and either may stipulate as he may deem it necessary for his own protection, and it is optional whether the other accepts the terms proffered. Having once made the contract, neither can hold the other to a different contract. When, therefore, one guarantees to give satisfaction, he assumes the undertaking to perform the work in such manner as to satisfy the other, and invests the latter with full power to determine the reasonableness of the cause. We can not presume, the contract would have been made without such a provision or on any other terms. This was the construction placed upon the contract by the trial court, and we are of opinion it was correct.

Affirmed.