**HARDISON v. A. H. BELO CORP.**

**No. 14472.**

Court of Civil Appeals of Texas. Dallas.

Feb. 29, 1952.

————◆————

C. L. Hardison, pro se.

J. C. Muse, Jr., Dallas, for appellee.

YOUNG, Justice.

The original petition of appellant (plaintiff below), filed July 14, 1949, sought damages for an alleged breach of oral contract of employment. Interlocutory proceedings ensued, later to be noted; and on hearing of defendant's second motion to dismiss (May 18, 1951), the cause was accordingly dismissed on grounds stated in motion, with due exception and notice of appeal.

The cause of action alleged by plaintiff was in substance: That on or about March 29, 1945 he was employed in capacity of nightwatchman by one Hugh Robbins, an authorized agent of defendant; it being specifically agreed that his employment should be "for so long and for such a time as the services of the plaintiff were satisfactory and satisfactorily performed to the defendant"; that his initial salary rate was $26 per week, continuing until August 1946, when he was transferred to the job of elevator operator, with raises to $37 per week; performing said work in a manner satisfactory to defendant and conformable with original agreement of hiring until October 31, 1947, when he was summarily and arbitrarily discharged; that his life expectancy was 6.82 years and but for defendant's wrongful breach of contract, he could and would have rendered satisfactory services over such time, to his damage in amount of salary lost of $16,596.52; praying for such a judgment and costs.

Prior to said dismissal and on pretrial, defendant had urged special exceptions to the petition in question; generally as not stating a cause of action; and specifically, (interpreting the purported contract as one

for life), that (1) an employment "for such a time as the services of plaintiff were satisfactory and satisfactorily performed to the defendant" was without consideration, unilateral, and unenforceable against either party; and (2) because the words "satisfactory and satisfactorily performed" are indefinite in time and created a contract of employment at will of the employer, terminable in fact by either party at will. Upon sustaining of foregoing exceptions by the court with leave to amend, plaintiff filed supplemental pleading alleging in part "that in accepting said employment by defendant he gave up, denied himself and forever relinquished a position of employment which was secure, permanent and guaranteed to him for the rest of his natural life."

■ Appellant is a layman, prosecuting the appeal in propria persona; his brief not containing essential assignments or points. Of this, appellee properly complains; but any deficiency of procedure becomes unimportant in view of error apparent on face of the record; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979. In this connection, and perforce of the court action on exceptions, plaintiff's allegations with respect to terms of this alleged oral contract must be taken as true.

■ Appellee construes aforesaid petition as alleging a contract for life (apparently because plaintiff relies on life expectancy for his measure of damages), but in our opinion the pleading cannot be so interpreted. Actually claimed, in short, is that the parties have entered into one of those familiar "satisfaction" contracts; i. e., an agreement under which the employee undertakes to render services satisfactory to the employer and to which a different principle of law is clearly applicable. 6 A.L.R., Annotations, p. 1502. Under a contract to render satisfactory services it is not required that a reasonable ground for discharge should exist on part of the employer. It is merely necessary that he be honestly dissatisfied with the employee's work; in other words, that such dissatisfaction is real and not pretended. "It is generally conceded that a contract by which

one agrees to employ another as long as the services are 'satisfactory,' or which is otherwise expressed to be conditional on the satisfactory character of the services rendered, gives the employer the right to terminate the contract and discharge the employee whenever he, the employer, acting in good faith, is actually dissatisfied with the employee's work. * * * However, while it is not essential to the existence of the right to discharge the employee that the employer have any real or substantial ground for dissatisfaction, yet he must act honestly and in good faith. His dissatisfaction, to justify, the discharge, must be real and not pretended; it must not be capricious or mercenary or the result of a dishonest design to be dissatisfied in any event. If he feigns dissatisfaction and dismisses the employee, the discharge is wrongful." 35 Am.Jur., p. 463; 56 C.J.S., Master and Servant, § 33, page 418; see Beissel v. Vermillion Farmers Elevator Co., 102 Minn. 229, 113 N.W. 575, 12 L.R.A., N.S. page 403, for earlier citation of cases.

There are cases in which the employer has been held to be the sole judge of what constitutes satisfactory services. Allen v. Mutual Compress Co., 101 Ala. 574, 14 So. 362; Bush v. Koll, 2 Colo.App. 48, 29 P. 919; Teichner v. Pope Mfg. Co., 125 Mich. 91, 83 N.W. 1031. But Texas follows the general or majority rule that the employer must be in good faith dissatisfied and that this presents a question of fact. Rhodes-Haverty Furniture Co. v. Frazier, Tex.Civ. App., 55 S.W. 192; Noa Spears Co. v. Inbau, Tex.Civ.App., 186 S.W. 357; Golden Rod Mills v. Green, Tex.Civ.App., 230 S. W. 1089; Dallas Hotel Co. v. Lackey, Tex. Civ.App., 203 S.W.2d 557.

■ Independently of the foregoing, we have determined that the claimed basis of employment is not violative of subd. 5, Art. 3995, Vernon's Ann.Civ.St., Statute of Frauds, as a contract not to be performed within a year. "Where under the terms of an oral agreement an employment is to cease on a contingency which may happen within a year, the oral agreement is not within the statute of frauds. Thus the statute does not apply to an oral agreement to

give employment as long as the employee does faithful, honest, and satisfactory work, * * *." 37 C.J.S., Frauds, Statute of, § 62, page 571; 49 Am.Jur., p. 415; Chevalier v. Lane's Inc., 147 Tex. 106, 213 S.W. 2d 530, 6 A.L.R.2d 1045.

The judgment under review is accordingly reversed and cause remanded for further proceedings by reason of the fact issue implicit in the pleadings of appellant.