**Leslie Ann VALLONE, Appellant,**

v.

**AGIP PETROLEUM CO., INC., et al., Appellees.**

**No. 01–85–0439–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

William E. Yahner, Houston, for appellant.

Gloria M. Portela, Hutcheson & Grundy, Houston, for appellees.

Before SAM BASS, COHEN and HOYT, JJ.

## OPINION

SAM BASS, Justice.

The appellant sued the appellees alleging that she was discharged from employment without just cause and in bad faith. She amended her petition after the trial court sustained the appellees' special exceptions. The trial court then granted the appellees' motion for summary judgment on the grounds that the appellant failed to state a cause of action. We affirm.

In her sole ground of error, the appellant contends the trial court erred in granting appellees' motion for summary judgment by ruling that she failed to state a cause of action under Texas law.

> In reviewing the granting of a summary judgment we must accept as true the non-movant's version of the evidence and make every reasonable inference in the non-movant's favor. To sustain the summary judgment the movant must establish as a matter of law that no genuine issue of material fact exists.

*Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 734 (Tex.1985) (citations omitted).

Absent a specific contract term to the contrary, an employment relationship in Texas may be terminated at any time by either the employee or the employer with or without cause and without liability for failure to continue the employment. *Molder v. Southwestern Bell Telephone Co.,* 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). The appellant makes no contention that her amended petition alleged an express contract, either written or oral. All allegations by the appellant say that she "believes," etc., but never allege an agreement between the parties. Appellant argues that she pled a bad faith discharge in contravention of her *belief* that she was to be employed for so long as her work was satisfactory. She also argues "that she has alleged a cause of action under a recognized legal theory, that is, an agreement she was to be employed for so long as her services were satisfactory and the corre-

sponding requirement that her employer must act honestly and in good faith and not discharge her for contrived or frivolous reasons." *See Hardison v. A.H. Belo Corp.,* 247 S.W.2d 167, 168 (Tex.Civ.App.—Dallas 1952, no writ).

 Construing together the whole of the appellant's amended petition, it is apparent that the only agreement alleged is an implied agreement based on the use of a policy manual, "which Plaintiff believes represented that no employee would be dismissed except for good and sufficient cause and that all employees would be accorded personal time off for a death in the immediate family," and upon an "Employee Annual Review." The appellant does not argue that she was prevented from presenting other evidence that would have proved a contract. Employee handbooks, unaccompanied by an express agreement dealing with procedures for discharge of employees, do not create contractual rights regarding those procedures. *See Reynolds Manufacturing Co. v. Mendoza,* 644 S.W.2d 536, 539 (Tex.App.—Corpus Christi 1982, no writ). Likewise, an annual appraisal of an employee's job performance, without an express agreement as to the effect of the evaluation, gives rise to no contract right. *See Garcia v. Aetna Finance Co.,* 752 F.2d 488, 490–91 (10th Cir. 1984). The appellant makes no allegation that the appellees' termination policy was bargained for in a mutual agreement.

The appellant did not allege a cause of action cognizable under *Hardison,* 247 S.W.2d 167. We note that *Hardison* cited no Texas Supreme Court authority to support its holding and that *Hardison* has never been cited by the Texas Supreme Court. The Texas authorities relied on in *Hardison* are solely from the courts of appeals, and all are distinguishable. Each imposed a duty of good faith in a suit on a written contract for a fixed term of employment, whereas *Hardison* imposed a duty of good faith upon an oral contract with no fixed term. *See Dallas Hotel Co. v. Lackey,* 203 S.W.2d 557 (Tex.Civ.App.—Dallas 1947, writ ref'd n.r.e.) (1-year term);

*Golden Rod Mills v. Green,* 230 S.W. 1089 (Tex.Civ.App.—San Antonio 1921, writ dism'd w.o.j.) (5-year term); *Noa Spears Co. v. Inbau,* 186 S.W. 357 (Tex.Civ.App.—San Antonio 1916, writ dism'd w.o.j.) (1-year term); *Rhodes-Haverty Furniture Co. v. Frazier,* 55 S.W. 192 (Tex.Civ.App. 1900, no writ) (15½-month term).

We hold that the appellant alleged no basis upon which the term of her employment could be found to be anything other than at will. Further, the circumstances of her discharge do not give rise to any recognized exception to the rule that an at-will employee may quit or be fired without liability and without cause. The trial court's judgment granting summary judgment is affirmed.