Bobbie D. YATES

v.

BOARD OF REGENTS OF the LAMAR UNIVERSITY SYSTEM, Lamar University; Norman E. Lowrey.

Civ. A. No. B–85–1368–CA.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 10, 1987.

Shimon Kaplan, East Texas Legal Services, Beaumont, Tex., for plaintiff.

Lou Bright, Asst. Atty. Gen., Austin, Tex., Hubert Oxford, Benckenstein, Oxford, Radford and Johnson, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This is an action brought by Bobby Yates (plaintiff), formerly a truck driving instructor at Lamar University, asserting several claims under federal law arising out of the University's termination of her employment.

The defendants have moved for partial summary judgment on plaintiff's due process claim. Specifically, defendants assert that plaintiff has failed to raise a genuine issue of material fact concerning: (a) whether plaintiff had a property interest in her job with the university; and, (b) assuming plaintiff enjoyed such a property interest, whether plaintiff received the process that was due her prior to her termination.

## FACTS

In April, 1984, Bobbie D. Yates was appointed as a truck driving instructor at Lamar University's College of Technical Arts. Her appointment was renewed in July, and again in August 1984. At the time of her August appointment, it was expected that she would continue in her position until June 30, 1985. This controversy arises out of the circumstances leading to the termination of Yates' employment at Lamar University in January 1985. During that month, Yates received four written communications from her supervisors, informing her of perceived deficiencies in her performance. One of these letters, dated January 11, advised Yates that

she had been placed on probation, effective January 3. Yates contends she received this letter on January 22. The other letters informed her she had been reassigned to other duties. Yates resigned her position on January 28. She now contends she was constructively discharged, and that she was forced to resign. The defendants deny this allegation.

## PROPERTY INTEREST

■■■ To prevail, Yates must first show she had a property interest in continued employment. Although property interests are protected by the Constitution, they are created and defined by state law. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). A property interest in employment may be found in an express employment contract, or in a state statute, rule, or regulation. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Bobbie Yates had no employment contract with Lamar University, nor was her position protected by any state statute. However, lack of a formal contract or statutory guarantee is not dispositive of a claim of property interests in continued employment. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). In *Perry*, the United States Supreme Court noted that in the absence of an express agreement, oral promises and policies can constitute an unwritten common law at a particular institution that certain employees may have the equivalent of tenure. The Court likened such understandings to implied agreements in contracts.

Under Texas law, absent a specific contract term to the contrary, an employment relationship may be terminated at any time by either employee or employer, with or without cause. *Reynolds Manufacturing Co. v. Mendoza*, 644 S.W.2d 536, 539 (Tex. Civ.App.—Corpus Christi 1982, no writ).

Under Texas law, it is also clear that employee handbooks, unaccompanied by express agreements dealing with procedures for discharge of employees do not create contractual rights regarding those procedures. *Vallone v. Agip*, 705 S.W.2d 757, 756 (Tex.Civ.App.—Houston 1986, writ ref'd n.r.e.).

In *United Steel Workers of America v. University of Alabama*, 599 F.2d 56 (5th Cir.1979), the Fifth Circuit found that the University's personnel handbook was insufficient to create a property interest in continued employment. The handbook in question, like the handbook in the present case, contained a nonexhaustive list of reasons justifying discharge of employees. However, the court held that the handbook did not constitute an implied agreement under state law, in light of Alabama's common law adherence to the employment-at-will doctrine. Thus, since the employees had no substantive entitlement under state law, they had no constitutionally cognizable property interest entitling them to procedural due process.

■■■ In the present case, defendants argue that in light of the Texas courts' adherence to the employment-at-will doctrine, and their reluctance to find implied agreements in personnel handbooks, plaintiff was vested with no reasonable expectation of future employment. As a result, argue defendants, she held no property interest protected by the Fourteenth Amendment.

Nevertheless, this court cannot rule as a matter of law that plaintiff had no property interest in continued employment. Plaintiff has produced some evidence of an understanding on the part of university officials that non-probationary employees could only be dismissed for cause. A genuine issue of material fact remains as to whether plaintiff enjoyed a property interest because of prevailing custom and practice at Lamar University.

## PROCEDURAL DUE PROCESS

■■■ Assuming plaintiff had a property interest in her job sufficient to warrant the protection of the 14th Amendment, the next issue is whether plaintiff was afforded due process before being deprived of that interest. A public employee who has an entitlement to his job under local law cannot be dismissed without being given some opportunity to respond to the charges

that form the basis of his job termination. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). This includes, prior to termination, written notice of the reasons for termination, and an effective opportunity to rebut those reasons. *Glenn v. Newman,* 614 F.2d 467 (5th Cir.1980). In the present case, it is undisputed that prior to the end for her employment with Lamar University, plaintiff received several written notices from defendants. However, it is not clear whether plaintiff was given an effective opportunity to respond to the complaints against her. The depositions presented by plaintiff indicated that university officials never informed her of her right to a grievance hearing in accordance with Lamar's personnel handbook.

Accordingly, this court finds that a genuine issue of fact remains as to whether plaintiff was afforded due process prior to her termination.

## CONCLUSION

In accordance with this opinion, the court finds that defendant's motion for partial summary judgment should be DENIED.