**Ruben SALAZAR and Linda Salazar, Appellants,**

v.

**AMIGOS DEL VALLE, INC., et al., Appellees.**

No. 13–87–310–CV.

Court of Appeals of Texas, Corpus Christi.

June 30, 1988.

Thomas Sullivan, Brownsville, for appellants.

R. Gaines Griffin, San Antonio, Israel Ramon, Jr., Edinburg, for appellees.

Before NYE, C.J., and SEERDEN and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order which sustained the motion for summary judgment of counter-defendant, Amigos Del Valle, Inc., and third party defendants, Paul Sullivan, Don Allee, and Antonio Gutierrez, based upon limitations and failure to state a cause of action.

Ruben and Linda Salazar, appellants, were employed by Amigos Del Valle, Inc., (Amigos). Amigos is a nonprofit corporation providing assistance to indigent persons. Appellants were dismissed from their employment with Amigos in November of 1982.

Appellants then filed suit in federal district court against Amigos and two of its agents, Sullivan and Gutierrez. In this suit, appellants alleged several federal and state causes of action. On May 31, 1985, the federal claims were dismissed on a motion for summary judgment, and appellants were ordered to take nothing by their suit.

Following the dismissal of the suit in federal court, appellants sued appellees in Cameron County in July of 1985. This suit was also dismissed pursuant to a plea in abatement. In June of 1986, appellants sued appellees in Hidalgo County. They alleged causes of action for slander, conspiracy to slander, wrongful termination, breach of employment contract, tortious interference with contract of employment, and conspiracy to tortiously interfere with contract of employment.

Appellees filed a motion for summary judgment alleging that limitations barred appellants' causes of action for slander, conspiracy to slander, and tortious interference with employment contract. This motion also stated that appellants were at will employees and, therefore, had no cause of action for wrongful discharge, breach of employment contract, tortious interference with employment contract, and conspiracy

to tortiously interfere with employment contract. The trial court granted appellees' motion for summary judgment.

On appeal, appellants argue that the trial court erred in granting the summary judgment because appellees failed to conclusively prove all the elements of their defenses as a matter of law.

Appellees, by moving for summary judgment on the basis of the running of limitations, assumed the burden of showing as a matter of law that limitations barred the suit. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). As a part of this burden, they had to establish the date upon which limitations commenced. This they did not do.

■ Slander is governed by a one year statute of limitations. Tex.Civ.Prac. & Rem.Code Ann. § 16.002 (Vernon 1986). A cause of action for slander accrues when the injury occurs and the words are spoken, and limitation runs from those events and from the *date* of the communications. *Laird v. Texaco, Inc.*, 722 S.W.2d 519, 522 (Tex.App.—Beaumont 1986, no writ).

Appellants' petition indicates that Ruben and Linda Salazar were dismissed from their employment with Amigos on November 18, 1982, and November 29, 1982, respectively.

Regarding appellants' causes of action for slander and conspiracy to slander, Ruben Salazar's answers to interrogatories indicate that slanderous statements were made by Sullivan, Allee, and Gutierrez "following" his date of dismissal. Linda Salazar's answers to interrogatories indicate that slanderous statements were made by Sullivan, Allee, and Gutierrez "about the time" she was dismissed. The summary judgment evidence and the summary judgment record do not mention when appellants' causes of action for conspiracy to slander accrued.

■ We cannot determine the accrual dates for appellants' causes of action for slander and conspiracy to slander. Since Sullivan, Allee, and Gutierrez failed to establish through summary judgment evidence when these causes of action accrued,

they did not meet their burden of showing that limitations bar these causes of action.

In their motion for summary judgment, Amigos, Sullivan, and Gutierrez state that the running of the statute of limitations contained in Tex.Civ.Prac. & Rem. Code Ann. § 16.002 (Vernon 1986) was not tolled by the dismissal of similar claims against them in the federal court suit for lack of federal jurisdiction since the dismissed claims were not refiled in Hidalgo County within sixty days as required by Tex.Civ. Prac. & Rem.Code Ann. § 16.064 (Vernon 1986).

In their response to appellees' motion for summary judgment, appellants argued that Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (Vernon 1986) tolled the limitations statutes applicable to their causes of action against appellees during the time period following the dismissal of the federal suit for lack of jurisdiction and the time this suit was refiled in Cameron County district court. They also argued that the dismissal of the suit in Cameron County and its subsequent refiling in Hidalgo County amounted to a transfer of the suit. In the alternative, they argued that Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (Vernon 1986) would have tolled the limitations statutes during the time period following the dismissal of the Cameron County suit and the time it was refiled in Hidalgo County.

Tex.Civ.Prac. & Rem.Code Ann. § 16.064 (Vernon 1986) provides in pertinent part:

(a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:

(1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and

(2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

■ When the non-movant for summary judgment interposes a suspension statute, the burden is then placed upon the movant to negate the applicability of the tolling statute in order to conclusively establish the limitations defense. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975); *Oram v. General American Oil Co.*, 513 S.W.2d 533, 534 (Tex.1974) *cert. denied*, 420 U.S. 964, 95 S.Ct. 1355, 43 L.Ed.2d 441 (1975).

■ Because the appellants interposed a suspension statute, appellees had the additional burden of showing that appellants' state law claims were not dismissed for lack of jurisdiction "and" that the suit was not refiled in a court of proper jurisdiction within sixty days. For this reason and our holding that appellees failed to establish when limitations commenced concerning these causes of action, this part of plaintiffs' lawsuit must be reversed.

The Texas employment at will doctrine means that absent an express agreement to the contrary, either employer or employee may terminate their relationship at any time for any reason without liability. *Vallone v. Agip Petroleum Co.*, 705 S.W.2d 757, 758 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.).

■ A plaintiff can recover for wrongful discharge if he can show that his employment at will is subject to an oral or written agreement to the effect that he will not be discharged except for good cause. This is so even if the employee has not agreed to remain in service for a definite length of time. *Ramos v. Henry C. Beck, Co.*, 711 S.W.2d 331, 336 (Tex.App.—Dallas 1986, no writ).

The only agreement alleged in appellants' amended petition is an implied agreement based on the use of a policies and procedures manual which appellants believe represented that they would not be discharged except for good cause, and that they were entitled to notice and grievance procedures before being discharged. Appellants do not argue that they were precluded from presenting other evidence that would have proved a contract. Appellants also make no allegation that Amigos termi-nation policy was bargained for in a mutual agreement. *See Vallone*, 705 S.W.2d at 759.

■ Employee handbooks, which are not accompanied by an express agreement dealing with procedures for discharge of employees, do not create contractual rights regarding these procedures. *Reynolds Manufacturing Co. v. Mendoza*, 644 S.W. 2d 536, 539 (Tex.App.—Corpus Christi 1982, no writ); *Vallone*, 705 S.W.2d at 759.

■ Appellees asked appellants by way of interrogatories (attached to the motion for summary judgment) to state the terms of their alleged contract of employment. Appellants stated they were employed on a year-to-year basis with Amigos. Appellants were next asked to produce any documents which constituted a contract of employment for a definite term. Appellants stated that the policies and procedures manual in possession of appellees constituted the contract.

We conclude that appellants' answers to interrogatories do not raise a genuine issue of material fact whether appellants' employment was subject to an agreement between themselves and Amigos that they would not be terminated except for good cause.

Appellants have alleged no basis upon which the term of their employment could be found to be anything other than at will. Therefore, Amigos negated the cause of action for wrongful discharge and the trial court did not err in rendering summary judgment on this particular cause of action.

Appellants also allege in their petition that their contract of employment with Amigos was breached when Amigos dismissed them without just cause and denied them a hearing before the grievance committee.

The facts in this case clearly show that the contract of employment between appellants and Amigos was for an indefinite term of service, and that the policies and procedures manual did not contractually limit the manner and procedure by which Amigos could discharge appellants. We

find that the employment contract was legally terminable at the will of either party and that Amigos had a lawful right to discharge appellants at any time, with or without cause. We hold that Amigos negated the cause of action for breach of employment contract and that the trial court did not err in rendering summary judgment on this cause of action.

Ruben Salazar urges in his petition that Sullivan, Allee, and Gutierrez tortiously interfered with his contract of employment with Amigos and conspired to tortiously interfere with this contract.

■ A third party's efforts to induce another to exercise his right to dissolve a contract at will does not constitute tortious interference with contract under Texas law. *C.E. Services, Inc. v. Control Data Corp.*, 759 F.2d 1241, 1248 (5th Cir.1985), *cert. denied*, 474 U.S. 1037, 106 S.Ct. 604, 88 L.Ed.2d 583; *Davis v. Alwac International, Inc.*, 369 S.W.2d 797, 802 (Tex.Civ. App.—Beaumont 1963, writ ref'd n.r.e.).

Sullivan, Allee, and Gutierrez negated the cause of action for tortious interference with contract and that the trial court did not err in rendering summary judgment on appellants' causes of action for tortious interference with his employment contract and conspiracy to tortiously interfere with his employment contract.

The judgment of the trial court is accordingly REVERSED AND REMANDED concerning appellants' alleged causes of action for slander and for conspiracy to slander. The judgment of the trial court is AFFIRMED concerning appellants' alleged causes of action for wrongful discharge, breach of contract, tortious interference with employment contract, and conspiracy to tortiously interfere with employment contract. The costs of this appeal are assessed fifty-fifty to appellants and appellees.