NUMBER
13-00-00271-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

 

MATAGORDA COUNTY HOSPITAL DISTRICT,                       Appellant,

 

                                                   v.

 

CHRISTINE BURWELL,                                                Appellee.

 

 

   On appeal from the 130th District Court
 of Matagorda County, Texas.

 

 

                                   O P I N I O N

 

                    Before Justices Dorsey, Hinojosa, and
Castillo

                                 Opinion by
Justice Hinojosa

 








Appellant, Matagorda County
Hospital District (AMCHD@),
appeals from the trial court=s judgment in favor of appellee,
Christine Burwell (ABurwell@), in her suit for wrongful
termination.  By three points of error,
MCHD contends: (1) the trial court=s exclusion of witnesses as a
discovery sanction was harmful error, (2) the evidence is factually and legally
insufficient to support the jury=s finding that MCHD=s personnel policy manual is an
employment contract, and (3) the evidence conclusively established just cause
for the termination of employment.  We
affirm.

A. 
Background

Christine Burwell was promoted to
collections supervisor shortly after she began her employment with the
Matagorda County Hospital District in 1984. 
In February 1994, she was placed on probation for exhibiting poor work attitude,
breaching patient confidentiality, and engaging in personal business at
work.  While on probation, MCHD
terminated Burwell=s employment because of additional
policy violations.

Burwell filed suit against MCHD on December
 28, 1994,
for breach of employment contract and age discrimination.  MCHD answered and filed a AMotion for Partial Summary
Judgment,@ asserting that Texas=s Aat-will@ employment doctrine precluded
Burwell=s breach of contract claim.  The trial court granted MCHD=s motion for partial summary
judgment.  On appeal, we reversed the
summary judgment because we found that a fact question existed.[1]

In February 1999, Burwell served
requests for disclosure on MCHD, in accordance with the Anew@
rules of civil procedure.[2]  In March 1999, MCHD responded to Burwell=s requests, but it did not disclose
the names of four Hospital employees who had given statements in 1996.








On November
 4, 1999,
the trial court issued a Docket Control Order, setting the case for trial on January
 10, 2000
and directing that all discovery requests and depositions be completed by November
 29, 1999.  The order did not set any deadlines for
supplementation.  On November
 29, 1999,
MCHD supplemented its discovery responses to Burwell=s interrogatories, requests for
disclosure, and requests for production. 
As part of its supplemental response to Burwell=s request for disclosure, MCHD
produced the four witness statements obtained from the Hospital employees in
1996.

On December
 7, 1999,
Burwell filed a AMotion for Sanctions@ complaining that MCHD=s supplemental discovery answers
were untimely.  She sought, inter alia,
to strike the testimony or the use of any statement provided by any of these
four witnesses.  After hearing the motion
for sanctions, the trial court refused to allow three of the four witnesses to
testify.  The jury subsequently returned
a verdict in favor of Burwell on her breach of employment contract claim, and
in favor of MCHD on Burwell=s age discrimination claim.  This appeal ensued.

B. 
Exclusion of Testimony








By its first point of error, MCHD
contends the trial court=s exclusion of witnesses as a
discovery sanction was harmful error. 
MCHD complains primarily of the exclusion of one witness, Carol Galow,
who was present when Burwell allegedly violated hospital policy by criticizing
the nursing staff and violating patient confidentiality.[3]  MCHD asserts the exclusion of Galow was error
because its supplementation of Burwell=s discovery requests naming Galow
as a witness was either (1) timely under the rules, (2) the voluntary
production of arguably privileged witness statements not violative of any rule
or court order, or (3) did not result in any surprise to Burwell.

We review a trial court=s decision to exclude testimony
under an abuse of discretion standard.  Morrow
v. H.E.B., Inc., 714 S.W.2d 297, 298 (Tex. 1986); Durham Transp., Inc. v.
Valero, 897 S.W.2d 404, 415 (Tex. App.BCorpus Christi 1995, writ
denied).  To determine if there is an
abuse of discretion, we must look to see if the trial court acted without
reference to any guiding rules and principles. 
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

Parties have an affirmative duty to
supplement answers to discovery requests, including the identification of individuals
with knowledge of relevant facts or individuals designated as trial
witnesses.  Tex. R. Civ. P. 193.5(a)(1); see Boothe v. Hausler,
766 S.W.2d 788, 789 (Tex. 1989).  An amended or
supplemental response must be made reasonably promptly after the party
discovers the necessity for such a response. 
Tex. R. Civ. P. 193.5(b)
(emphasis added).

When a party fails to make, amend,
or supplement a discovery response in a timely manner, sanctions are
appropriate.  Tex. R. Civ. P. 193.6(a). 
The exclusion of the evidence is the sole remedy for not timely
supplementing discovery.  See Alvarado
v. Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992).  The remedy is mandatory and automatic.  See id.  An exception to the rule exists when the
court finds there was good cause for the failure to amend or supplement, or the
failure will not unfairly surprise or prejudice the other party.  Tex.
R. Civ. P. 193.6(a); Morrow, 714 S.W.2d at 297-98.








Here, Burwell served MCHD with her
requests for disclosure in February 1999. 
MCHD responded to the requests in March of 1999.  MCHD did not supplement its response and
identify Galow as a trial witness until November 29, 1999, some nine months after the
initial request.  Accordingly, we
conclude the trial court was within its discretion in determining that MCHD, by
waiting nine months, did not supplement its response Areasonably promptly.@ 
Ersek v. Davis & Davis, P.C., 69 S.W.3d 268, 271 n.2 (Tex.
App.BAustin 2002, pet. denied).

MCHD contends that it timely
supplemented its response under the discovery rules, because supplementation
made more than thirty days before trial is not a proper basis upon which to
exclude testimony.  In support of its
contention, appellant cites Texas Rule of Civil Procedure 193.5(b), which states:
Ait is presumed that an amended or
supplemental response made less than 30 days before trial was not made
reasonably promptly.@ 
Tex. R. Civ. P.
193.5(b).  Essentially, appellant argues
that the reverse presumption applies, i.e., that supplementation made
more than thirty days before trial is reasonably promptly.  We disagree. 
Had such a presumption been intended, we conclude it would have been
expressly incorporated into the rules.  Snider
v. Stanley, 44 S.W.3d 713, 715 (Tex. App.BBeaumont
2001, pet. denied).








MCHD also contends that the four
witness statements it obtained in 1996 were arguably privileged information,
and as such, the voluntary disclosure of such information does not violate any
rule or court order.[4]  As we noted above, the events in this case
occurred in 1994.  At that time, the
former rules of discovery were still in effect. 
Under those rules, witness statements[5]
and party communications[6]
were protected from disclosure by privilege. 
See former Tex. R. Civ. P.
166b(3)(c), (d) (Vernon 1998, repealed by orders of Aug. 5, 1998, and Nov. 9,
1998, eff. Jan. 1, 1999).  However, under
the Anew@
rules of discovery, effective January 1, 1999, certain information or documents
are discoverable, even if prepared in anticipation of litigation.  Tex.
R. Civ. P. 192.5(c).  These
include Ainformation discoverable under Rule
192.3 concerning witness statements.@ 
Tex. R. Civ. P.
192.5(c)(1).  The statements withheld by
MCHD fall within the description of witness statements that are not protected
by the work product privilege.  See
Spohn Hosp. v. Mayer, 72 S.W.3d 52, 62 (Tex. App.BCorpus Christi 2001, pet. filed); In
re Jimenez, 4 S.W.3d 894, 896 (Tex. App.BHouston
[1st Dist.] 1999, orig. proceeding ) (witness statements are not Awork product@ and are generally not protected
from discovery).  Thus, on January
 1, 1999,
these four witness statements became discoverable and made subject to Burwell=s requests for disclosure.  See Tex.
R. Civ. P. 194.2(i).  Accordingly,
MCHD had an affirmative duty to supplement its disclosures reasonably promptly
after it discovered the necessity for such a response.  See Tex.
R. Civ. P. 193.5(b); Ersek,
69 S.W.3d at 271 n.2.








MCHD further contends that its
failure to timely supplement Burwell=s requests for disclosure did not
unfairly surprise or prejudice Burwell because she knew of Galow=s existence as a potential trial
witness.  The burden of establishing the
lack of unfair surprise is on the party seeking to introduce the evidence or call
the witness.  Tex. R. Civ. P. 193.6(b); Dolenz v. State Bar of Tex., 72 S.W.3d 385, 387 (Tex. App.BDallas
2001, no pet.).  A finding of the lack of
unfair surprise must be supported by the record.  Tex.
R. Civ. P. 193.6(b); Dolenz, 72 S.W.3d at 387.

MCHD contends that since Burwell
knew Galow was present at the cafeteria table when she began to discuss the
patient=s care, Burwell knew that Galow was
a potential witness.  Further, it asserts
Burwell knew that Galow was a potential witness because the hospital=s business office manager referred
to Galow in a deposition.  We find this
argument unpersuasive.

Burwell was entitled to rely on
MCHD=s failure to disclose Galow as a
potential trial witness, and prepare her case accordingly.  A party is entitled to prepare for trial
assured that a witness will not be called because opposing counsel has not
identified him or her in response to a proper discovery request.  Alvarado, 830 S.W.2d at 915.  A party should not have to anticipate the
disclosure of a material witness merely because his or her testimony would be
vital to the case.  See Snider, 44
S.W.3d at 717.  The discovery rules were
revised to make that sort of anticipation unnecessary.  Id.

Accordingly, we hold the trial
court did not abuse its discretion in excluding Galow=s testimony.  MCHD=s first point of error is
overruled.

                                     C.  Law of
the Case Doctrine








This is the second time this case
has been before this Court.  A previous
appeal was taken from a summary judgment granted in favor of MCHD.  There, we held that A[b]ecause there is a fact question
regarding whether the Manual contains explicit and specific language which
modifies the employment at-will relationship, the Hospital failed to establish
its entitlement to summary judgment on Burwell=s
breach of contract claim as a matter of law.@[7] 
Now, on appeal after remand and trial on the merits, Burwell invokes Athe law of the case@ doctrine.  Therefore, we must examine the extent to which
our prior opinion controls the disposition of this issue.

Under the law of the case doctrine,
the initial determinations of questions of law decided on appeal to a court of
last resort are held to govern throughout the subsequent stages of the case.  Hudson v. Wakefield, 711 S.W.2d 628,
630 (Tex. 1986); Trevino v. Turcotte, 564 S.W.2d 682, 685 (Tex. 1978); Nat=l Union Fire Ins. Co. of
Pittsburgh, Pa. v. John Zink Co., 972 S.W.2d 839, 845 (Tex. App.BCorpus
Christi 1998, pet. denied).  The doctrine
operates to narrow the issues in subsequent stages of litigation and is
supported by policy goals of uniformity of decisions and judicial economy.  Hudson, 711 S.W.2d at 630.  The doctrine does not necessarily apply if
either the issues or the facts are not substantially the same in the subsequent
trial.  Id. 
The application of the doctrine is left to the discretion of the
reviewing court.  Trevino, 564
S.W.2d at 687.








We recognize that the law of the
case doctrine has limited application following a summary judgment appeal.  See Hudson, 711 S.W.2d at 630-31.  AWhere there has been a reversal of
a summary judgment in favor of a defendant and then a trial on the merits with
an appeal, the law as stated in the summary judgment [appeal] does not necessarily
control the case on the appeal from the trial on the merits.@ 
Med Ctr. Bank v. Fleetwood, 854 S.W.2d 278, 283 (Tex. App.BAustin 1993, writ denied) (quoting Allstate
Ins. Co. v. Smith, 471 S.W.2d 620, 623 (Tex. App.BEl Paso 1971, no writ)).

Although our review of the summary
judgment encompassed similar facts, the issue in this appeal presents an
entirely different question.  On the
motion for summary judgment, the burden was on MCHD to show that no fact issue
existed.  At the subsequent trial on the
merits, the burden was on Burwell to establish a valid employment contract,
thus modifying the at-will employment relationship.  The fact that MCHD failed to summarily negate
the existence of a fact question regarding any modification of the at-will employment
relationship has no bearing on the question of whether Burwell had presented
sufficient evidence of the existence of a written employment contract as a part
of her case at the trial.  MCHD=s failure in the first instance
does not operate to establish that Burwell has successfully met her
burden.  See Fleetwood, 854 S.W.2d
at 284; Abalos v. Oil Dev. Co. of Tex., 526 S.W.2d 604, 607-08 (Tex.
Civ. App.BAmarillo 1975), aff=d, 544 S.W.2d 627 (Tex. 1976).

Accordingly, we conclude the first
appeal did not establish the law of the case on the issue of any modification
of the at-will employment relationship. 
Therefore, we will review MCHD=s second and third points of error.

                                D.  Finding
that MCHD=s Personnel

                        Policy Manual is an
Employment Contract

 

By its second point of error, MCHD
contends the evidence is legally and factually insufficient to support the jury=s finding that MCHD=s personnel policy manual is an
employment contract.

                                             1.  Standard of Review








When a party without the burden of proof
complains on appeal of a jury finding, the appropriate points of error are that
there is "no evidence" or "insufficient evidence" to
support the jury finding.  Croucher v.
Croucher, 660 S.W.2d 55, 58 (Tex. 1983).  

                                   a.  Legal Sufficiency of the Evidence

When we review a Ano evidence@ point of error, we must view the
evidence in a light that tends to support the finding of the disputed fact and
disregard all evidence and inferences to the contrary.  Bradford v. Vento,
48 S.W.3d 749, 754 (Tex. 2001).  A no evidence
issue will be sustained when the record discloses that: (1) there is a complete
absence of evidence of a vital fact; (2) the court is barred by rules of law or
of evidence from giving weight to the only evidence offered to prove a vital
fact; (3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence conclusively establishes the opposite of the
vital fact.  Merrell Dow Pharms. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997).  If there is more than a scintilla of evidence
to support the finding, the no evidence challenge fails.  Stafford v. Stafford, 726 S.W.2d 14, 16 (Tex. 1987).  When the evidence offered to prove a vital
fact is so weak as to do no more than create a mere surmise or suspicion of its
existence, the evidence is not more than a scintilla and, in legal effect, is
no evidence.  Kindred v. Con-Chem,
Inc., 650 S.W.2d 61, 63 (Tex. 1983).  More than a scintilla of evidence exists
where the evidence supporting the finding, as a whole, rises to a level that
would enable reasonable and fair-minded people to differ in their
conclusions.  Havner, 953 S.W.2d
at 711.

                                  b.  Factual Sufficiency of the Evidence








When we review an
"insufficient evidence" point of error, we consider, weigh and examine
all of the evidence which supports or undermines the jury's finding.  Plas-Tex, Inc. v. United States Steel
Corp., 772 S.W.2d 442, 445 (Tex. 1989).  We review the evidence, keeping in mind that
it is the jury's role, not ours, to judge the credibility of the evidence, to
assign the weight to be given to testimony, and to resolve inconsistencies
within or conflicts among the witnesses' testimony.  Corpus Christi Area Teachers Credit Union
v. Hernandez, 814 S.W.2d 195, 197 (Tex. App.CSan
Antonio 1991, no writ).  We then set
aside the verdict only when we find that the evidence standing alone is too
weak to support the finding or that the finding is so against the overwhelming
weight of the evidence that it is manifestly unjust and clearly wrong.  Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

                                             2.  Employment at-Will








It has long been the law in the
State of Texas that, absent a specific agreement
to the contrary, the employment relationship is one of Aat-will employment,@ whereby either party may terminate
the relationship at any time, for any reason, or without any reason at
all.  Fed. Express Corp. v. Dutschmann,
846 S.W.2d 282, 283 (Tex. 1993); Schroeder v. Tex. Iron Works, 813 S.W.2d 483, 489 (Tex. 1991); Eastline & R. R.R.
Co. v. Scott, 72 Tex. 70, 10 S.W. 99, 102 (1888). 
A discharged employee who asserts that the parties have contractually
agreed to limit the employer=s right to terminate the employee
has the burden of proving an express agreement or written representation to
that effect.  Rios v. Tex. Commerce
Bancshares, Inc., 930 S.W.2d 809, 814-15 (Tex. App.BCorpus Christi 1996, writ
denied).  For such an agreement to exist,
the employer must unequivocally indicate a definite intent to be bound not to
terminate the employee, except under clearly specified circumstances.  Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998).  To rebut the presumption of employment
at-will, an employment contract must directly limit in a Ameaningful and special way@ the employer=s right to terminate the employee
without cause.  Rios, 930 S.W.2d
at 815.  However, statements of
employment policy that are not accompanied by an express agreement dealing with
procedures for the discharge of employees do not create contractual rights
regarding those procedures.  Salazar
v. Amigos Del Valle, Inc., 754 S.W.2d 410, 413 (Tex. App.BCorpus Christi 1988, no writ).

                                                      3.  Analysis

At trial, the relevant testimony
centered on section 18 of MCHD=s personnel policy manual, dealing
with termination of employees.  Section
18 provides, in relevant part:

1.                
Termination

Employment at the
Hospital is by mutual arrangement and may be terminated by either the employee
or the employer.  All employee records
will indicate the nature of termination which will be one of the following:

 

                                            *  * 
*  *  *

 

e.  Dismissal B
Employees may be dismissed for cause such as insubordination, serious
misconduct, or for inability to perform the duties of their job
satisfactorily.  Department Heads and
Supervisors may place an employee on suspension but all dismissal action must
be reviewed by the Personnel Officer and approved by the Administrator before
action will be taken.  Dismissal will be
classified as follows:

 

(1).  Dismissal with Notice B
Employees judged incapable of performing the duties of their job satisfactorily
and have worked beyond the probationary period will receive two weeks notice or
two weeks pay in lieu of notice, at the discretion of the Department Head.

 

(2).  Dismissal without Notice B
Serious violations of policy.  Employee
will receive no terminal benefits.

 








In
our previous opinion, we concluded the terms of the manual were internally
conflicting.  See Burwell v. Matagorda
County Hosp. Dist., No. 13-96-00329-CV, 1997 Tex. App. LEXIS 6136, at *6
(Tex. App.BCorpus Christi Nov. 26, 1997, pet.
denied) (not designated for publication). 
MCHD now contends that the manual does not establish contractual
rights.  However, the manual clearly
provides that employees may only be terminated for the inability to
satisfactorily perform their job or for serious violations of hospital
policy.  The manual also requires that
all terminations state one of the following reasons for termination: (1)
resignation, (2) quitting, (3) layoff, (4) dismissal, (5) termination during
probationary period, or (6) retirement. 
Further, various managers of MCHD, including the business office manager
and the district chief financial officer, who were both involved in the
decision to terminate Burwell, testified they believed the personnel policy
manual provided they could only terminate an employee for cause.  Also, Burwell, as a supervisor, believed she
could terminate a subordinate employee only for cause.

We
conclude this internally conflicting language in the personnel policy manual,
together with the testimony of MCHD=s
managers concerning its meaning, is some evidence that would enable reasonable
people to differ in their conclusions as to whether a contract between Burwell
and MCHD existed and whether the employer=s right
to terminate an employee without cause was limited in a meaningful and special
way.  Further, we conclude that the
evidence standing alone is not too weak to support the jury=s
finding and that the jury=s finding
is not so against the overwhelming weight of the evidence that it is manifestly
unjust and clearly wrong.

Accordingly,
we hold the evidence is legally and factually sufficient to support the jury=s
finding that a contract for employment existed between Burwell and MCHD.  MCHD=s second
point of error is overruled.

                           E.  Finding
that MCHD was Not Excused

                       from
Compliance with Employment Manual

 








By
its third point of error, MCHD contends the evidence is legally and factually
insufficient to support the jury=s finding
that MCHD was not excused from compliance with the manual.  MCHD asserts the evidence conclusively
established just cause for Burwell=s
termination of employment, and thus, legal excuse to any breach of employment
contract claim was proven as a matter of law.

                                             1.  Standard of Review

When
a party with the burden of proof complains on appeal from an adverse jury
finding, the appropriate points of error are Athat the
matter was established as a matter of law" or Athat
the jury's finding was against the great weight and preponderance of the
evidence."  Croucher, 660
S.W.2d at 58.

                                    a. 
Legal Sufficiency of the Evidence

When
we review a point of error "that the matter was established as a matter of
law," we examine the record for evidence supporting the finding of fact
and ignore all evidence to the contrary. 
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex.
1989); Hickey v. Couchman, 797 S.W.2d 103, 109 (Tex. App.CCorpus
Christi 1990, writ denied).  If we find that
no evidence supports the finding, we must determine from the record whether the
contrary proposition is established as a matter of law.  Sterner, 767 S.W.2d at 690; Hickey,
797 S.W.2d at 109.

                                  b.  Factual Sufficiency of the Evidence








          When
we review a point of error "that the jury's finding was against the great
weight and preponderance of the evidence," we examine the entire
record.  Cain v. Bain, 709 S.W.2d
175, 176 (Tex. 1986);  Hickey, 797 S.W.2d at 110.  We set aside the verdict only if it is so
contrary to the overwhelming weight and preponderance of the evidence as to be
clearly wrong and manifestly unjust.  Cain,
709 S.W.2d at 176;  Hickey, 797
S.W.2d at 110.

                                                      2.  Analysis

MCHD=s
employee manual includes breach of confidentiality of patient information
and/or treatment as actions which may result in immediate disciplinary action
or discharge.  The manual describes
confidential information as Ainformation
pertaining to the personnel or medical staff of the hospital or to the patient.@  MCHD asserts that Burwell breached patient
confidentiality by Adiscussing patients and their care in
the hospital cafeteria (an open setting) loudly and non-professionally.@

Burwell
testified that during the conversation in question, she asked Carol Galow
whether the district employed nurses=
assistants over the weekends.  After
Galow asked why, Burwell explained that while she was visiting her aunt, who
was a patient at the hospital with a broken hip, she noticed that her aunt=s
morning care had not been given, she had not been given a bath, and she had not
been fed.  Also, her aunt=s
roommate, in the next bed, was vomiting off the side of her bed.  When she went to the nurse=s
station to get assistance, a nurse told her they were very busy and for Burwell
to do what she could.  After taking the
roommate a basin, Burwell returned to the nurses= station,
seeking a washcloth.  A nurse directed
her to where the linens were kept.








Present
during the conversation in question were Burwell, Carol Galow (discharge
planning nurse), Mary Helen Nelson (district director of education and
coordinator of the district customer service program), Brenda King (assistant
administrator of the district nursing home), and Eileen Jean (patient accounts
supervisor).  These persons were all
supervisors or members of management. 
Mary Helen Nelson, Brenda King and Eileen Jean all testified that based
on their experience working in the health care industry, Burwell had not
breached any patient confidentiality. 
They testified that Burwell never used patients=
names, instead, referred to them as Amy aunt@
or Athe
roommate.@ 
They all agreed that Burwell was not attacking MCHD personnel, but
instead, was making statements out of concern for the patients.

We
conclude there is sufficient evidence to support the jury=s
finding that MCHD was not excused from compliance with the employee
manual.  Further, we conclude the jury=s
finding is not so contrary to the overwhelming weight and preponderance of the
evidence as to be clearly wrong and manifestly unjust.

Accordingly,
we hold the evidence is legally and factually sufficient to support the jury=s
finding that MCHD was not excused from compliance with the terms of the
employee manual.  MCHD=s
third point of error is overruled.

The
judgment of the trial court is affirmed.

FEDERICO G.
HINOJOSA

Justice

 

Dissenting Opinion by Justice Errlinda
 Castillo.

 

Publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this
the

29th day of August,
2002.

 

-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------

 

 




 
 
 
 
 
 
 
 
 
 
 
 
  
  
  
                                                                                                         
  
  
  
          NUMBER 13-00-00271-CV
  
                              COURT OF
 APPEALS
  
                    THIRTEENTH DISTRICT OF TEXAS
  
                       CORPUS CHRISTI B EDINBURG
  
 MATAGORDA COUNTY HOSPITAL DISTRICT,                       Appellant,
  
                                                    v.
  
 CHRISTINE BURWELL,                                                Appellee.
  
  
    On appeal from the 130th District Court
 of Matagorda County, Texas.
  
  
                              DISSENTING OPINION
  
                     Before Justices Dorsey,
 Hinojosa, and Castillo
                                   Opinion by
 Justice Castillo
  
 I respectfully dissent.  I would hold that the evidence was
 insufficient to support the 
  
 jury=s finding that a contract for
 employment existed and reverse the judgment.
  
  
 ERRLINDA CASTILLO
 Justice
  
 Publish.  Tex. R.
 App. P. 47.3.
 Dissenting Opinion delivered and filed
 this 29th day of August, 2002.











 

 



 











[1]
See Burwell v. Matagorda County Hosp. Dist., No.
13-96-00329-CV, 1997 Tex. App. LEXIS 6136 (Tex. App.BCorpus
Christi Nov. 26, 1997, pet. denied) (not designated for publication).





[2]
See Order of Approval of Revisions to the
Texas Rules of Civil Procedure, Misc. Docket No. 98-9136 (Tex. Aug. 5, 1998), printed
in 61 Tex. B.J. 752 (Sept.
1998), as amended by Order of Final Approval of Revisions to the Texas
Rules of Civil Procedure, Misc. Docket No. 98-9196 (Tex. Nov. 9, 1998), printed
in 61 Tex. B.J. 1140 (Dec.
1998), as amended by Order of Technical Corrections to the Revisions to
the Texas Rules of Civil Procedure, Misc. Docket No. 98-9224 (Tex. Dec. 31,
1998), printed in 62 Tex.
B.J. 115 (Feb. 1999).





[3]
The conversation that Galow was privy to occurred during the
lunch hour at the hospital cafeteria. 
The persons present at Burwell=s
table were members of hospital management and were all friends of Burwell,
except Galow.  The record reflects Galow
would have testified that: (1) Burwell commented on the adequacy of nursing
care afforded a patient who was not her relative; (2) the cafeteria was crowded
that day; and (3) Burwell spoke loud enough for others to hear her criticism of
the nursing staff.





[4]
We note that MCHD failed to preserve its claim of privilege under Texas Rule of
Civil Procedure 193.3(a), by failing to state in its response, or in an amended
or supplemental response, that it was withholding information based on
privilege.  See Tex. R. Civ. P. 193.3(a); In re
Monsanto Co., 998 S.W.2d 917, 925 (Tex. App.BWaco
1999, orig. proceeding).





[5]
Witness statements under former rule 166b(3)(c) were the written statements of
potential witnesses and parties, when made subsequent to the occurrence or
transaction upon which the suit is based and in connection with or in
anticipation of the prosecution or defense of the particular suit.  Former Tex.
R. Civ. P. 166b(3)(c) (Vernon 1998, repealed by orders of Aug. 5, 1998,
and Nov. 9, 1998, eff. Jan. 1, 1999).





[6]
Party communications under former rule166b(3)(d) included
communications between a party and that party=s
agents, representatives, or employees when made subsequent to the occurrence or
transaction upon which the suit is based and in connection with or in
anticipation of the prosecution or defense of the particular suit.  Former Tex.
R. Civ. P. 166b(3)(d) (Vernon 1998, repealed by orders of Aug. 5, 1998,
and Nov. 9, 1998, eff. Jan. 1, 1999).





[7]
See Burwell, 1997 Tex.
App. LEXIS 6136, at *8.