Steven **JOACHIM**, Plaintiff-Appellant,

v.

**AT & T INFORMATION SYSTEMS,**
Defendant-Appellee.

No. 86–2095
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 30, 1986.

James A. Kosub, San Antonio, Tex., for plaintiff-appellant.

George P. Parker, Jr., San Antonio, Tex., Julie D. Nelson, Denver, Colo., for defendant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

In this Texas diversity case, Steven Joachim appeals an adverse summary judgment dismissing his demand for damages for an alleged violation of an implied contract of employment. The issue on appeal is whether defendant's employee handbook created contractual rights which removed Joachim's employment from under the Texas employment-at-will provisions. The district court answered this inquiry in the negative. We affirm.

Joachim was employed by A T & T as an associate account executive in San Antonio for one year beginning in February 1983. At the end of that period Joachim had not, in the judgment of his immediate supervisor, completed the requirements needed for certification as an account executive. As a consequence, Joachim was conditionally certified, placed on probation, and a sales quota was set for the ensuing 90 days. At the end of that period, Joachim had achieved only one-third of his assigned quota and his employment was terminated. Joachim maintains that he was subjected to job discrimination, including termination, because of his sexual preference—he is a homosexual. A T & T's personnel handbook, which summarizes company policies, provides that sexual perference will not be used as a basis for job discrimination or termination.

Following his dismissal, Joachim filed the instant suit. The sole question presented to the trial court and to this court on appeal is whether the employee handbook impliedly imposed contractual obligations on A T & T.

In finding and concluding that the handbook did not create any contractual relationship altering Joachim's at-will employment status, the district court primarily relied on *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536 (Tex.App.—Corpus Christi 1982, no writ) as dispositive of Joachim's claims. The Texas Court of Appeals there noted, *id.* at 538:

It is well settled in Texas that, absent any existing contractual limitations, when an employment contract provides for an indefinite term of service, either party may put an end to it at will, with or without cause.

The Texas appellate court went on to hold that absent an express reciprocal agreement dealing with procedures for discharge, employee handbooks "constituted no more than general guidelines," *id.* at 539, and did not create a contractual right in the employees.

That identical situation exists in the case now before us. Joachim was employed for an indefinite period after his year of training. He had no basis for challenging his discharge unless the employee handbook gave him a contractual right and imposed a concomitant obligation on A T & T.

The holding and rationale of *Reynolds* belie Joachim's argument. Joachim urges that *Reynolds* is not binding on a federal court sitting in diversity, *see Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), maintaining that *Reynolds* would no longer be followed by the Texas courts, in light of jurisprudential developments in other states. Joachim cites no Texas cases rejecting *Reynolds;* indeed, he cannot since there is none. The sparse post-*Reynolds* authorities support the conclusion of the district judge, schooled and skilled in the law of Texas. *See Totman v. Control Data Corp.,* 707 S.W.2d 739 (Tex. App.—Ft. Worth 1986, no writ); *Vallone v. Agip Petroleum Co., Inc.,* 705 S.W.2d 757 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd N.R.E.). The district judge appropriately declined to predict a turnabout by the Texas courts and correctly applied settled Texas precedents.

The judgment of the district court is AFFIRMED.