Mark **GLAGOLA**

v.

**NORTH TEXAS MUNICIPAL WATER DISTRICT, Carl Riehn and James Rogers.**

Civ. A. No. S–86–33–CA.

United States District Court,
E.D. Texas,
Sherman Division.

Feb. 16, 1989.

William Lamoreaux, Dallas, Tex., for plaintiff.

Durwood D. Crawford, Goins, Underkofler, Crawford & Langdon, Dallas, Tex., for defendants.

MEMORANDUM OPINION

PAUL N. BROWN, District Judge.

Plaintiff, Mark Glagola, has brought this action under 42 U.S.C. § 1983 claiming procedural due process violations arising out of his termination as a mechanic with the North Texas Municipal Water District ("Water District"). The Water District has moved for summary judgment contending that plaintiff has no property interest in continued employment with the Water District. After review of the summary judgment evidence, the briefs, and the applicable law, the Court is of the opinion that defendant's motion should be granted.

---

## I.

On August 10, 1984, plaintiff was terminated from his mechanic position with the Water District after approximately one year of employment. Plaintiff's complaint alleges that plaintiff was a tenured mechanic with a property interest in his continued employment with the Water District. Plaintiff relies upon two provisions of the Water District's Personnel Policy Manual which he contends establish that he could be terminated only for just cause, thereby creating a property interest in continued employment. The first provision, section 10.A., provides:

PROBATION—All appointments and promotions shall be made to a probationary status for a period of six (6) months. During the probationary period the employee should evaluate the job and the supervisor should evaluate the employee to determine if this is a compatible relationship. At the end of the probation period an employee will be considered to be of permanent status as long as he continues to perform his job in a satisfactory manner.

The second provision, section 11.A., provides in part:

Disciplinary action shall include demotion, suspension and dismissal. Any employee is subject to disciplinary action for proper cause. . . .

The summary judgment evidence reveals that plaintiff was unaware of the contents of the Water District's Personnel Policy Manual while he was employed by the District. Further, plaintiff relies on no agreements, written or oral, to establish a property interest other than the personnel manual.

The Water District contends that the provisions of the personnel manual may not, as a matter of law, create a property interest cognizable under Texas law.

## II.

In order to prevail on his procedural due process claim, plaintiff must initially show that he had a constitutionally protected property interest in his continued employment with the Water District. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). While the Constitution provides certain procedural safeguards with respect to state deprivation of a property interest, the property interests themselves "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

While protectable property interests "are not limited by a few rigid, technical forms", *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972), the existence and sufficiency of a property interest may only be established by demonstration of a "legitimate claim of entitlement" under state law. *Roth,* 92 S.Ct. at 2709.

In *Perry v. Sindermann,* a case arising out of Texas, a professor at Odessa Junior College asserted a property interest in his continued employment under a *de facto* tenure program fostered by the college. 92 S.Ct. at 2699. The Court held that the plaintiff should have been given an opportunity to show that the implied agreement alleged by plaintiff created a property interest under state law. *Id.* at 2700. While recognizing that a property interest need not be based upon a formal contractual provision and that an implied agreement may create a property interest, the Court remanded the case for a determination of whether Texas law supported plaintiff's claim of a contractual or other legitimate claim of entitlement to job tenure. *Id.* at 2700 n. 7.

Considering the Supreme Court's pronouncement that a property interest must be derived from state law, it necessarily follows that plaintiff in the present case must demonstrate that the Water District's Personnel Policy Manual created a legitimate claim of entitlement to continued employment under Texas law.

In Texas, the general rule is that employment for an indefinite term may be terminated at will and without cause. *Sabine*

*Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 735 (Tex.1985); *East Line & R.R.R. Co. v. Scott,* 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). Whether employee handbooks or personnel manuals may alter the general employment at-will rule has been addressed by the Texas courts.

In *Reynolds Manufacturing Co. v. Mendoza,* 644 S.W.2d 536 (Tex.App.—Corpus Christi 1982, no writ), plaintiff argued that an employee handbook issued by defendant constituted a contract altering his employment at-will status. *Id.* at 537. The handbook contained provisions providing for a probationary period, termination of seniority upon discharge for good cause and progressive discipline. *Id.* The Court noted that while an employer may contractually limit its ability to terminate an employee at will, the employee handbook relied upon by plaintiff did not do so. *Id.* at 539. The court reasoned that in order to limit the employer's right to terminate an employee at will there needed to be an express agreement between the employer and employee. *Id.* However, the court was of the opinion that the employee handbook did not evidence an express agreement because it could have been unilaterally amended or withdrawn by the employer. *Id.*

Once again, in *Molder v. Southwestern Bell Telephone,* 665 S.W.2d 175 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.), plaintiff argued that defendant's employee handbook should have been admitted into evidence as proof of an express or implied contract of employment altering the at-will rule. *Id.* at 176. The court determined that unsigned employee handbooks are generally insufficient memoranda of a contract of employment and do not satisfy the statute of frauds. *Id.* Therefore, the court concluded that the handbook was properly excluded. *Id.*

Employee handbooks surfaced again in *United Transportation Union v. Brown,* 694 S.W.2d 630 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.). In *Brown,* plaintiff produced evidence that she accepted employment with defendant only after defendant promised that her employment would be governed by an employee manual which provided that an employee could be dismissed only for cause. *Id.* at 633. The court held that the evidence of the promise supported a finding by the jury that there was an express agreement to contractually limit the employment at-will rule. *Id. Reynolds* was cited by the court and distinguished on the basis of the evidence of an express agreement to adopt the manual as governing the employment relationship. *Id.*

Yet again, in *Vallone v. Agip Petroleum Co.,* 705 S.W.2d 757 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), an employee attempted to show that a personnel policy manual providing that employees would be dismissed only for cause evidenced an implied agreement by the employer to limit the employment at-will rule. Citing *Reynolds,* the court stated that "[e]mployee handbooks, unaccompanied by an express agreement dealing with procedure for discharge of employees, do not create contractual rights regarding those procedures." *Id.* at 759. Because the employee relied solely upon the handbook, summary judgment in favor of the employer was affirmed. *Id.*

In *Joachim v. AT & T Information Systems,* 793 F.2d 113 (5th Cir.1986), the Fifth Circuit faced the question of whether a personnel handbook, standing alone, could impliedly impose contractual obligations on an employer's right to discharge an employee at will. The court referred to *Reynolds* as controlling and stated that "absent an express reciprocal agreement dealing with procedures for discharge, employee handbooks 'constituted no more than general guidelines.'" *Id.* at 114 (quoting *Reynolds,* 644 S.W.2d at 539). Because plaintiff relied solely upon the employee handbook to limit the at-will rule, the court affirmed the district court's dismissal of plaintiff's claim. *Id.*

More recently, the Fifth Circuit in *Aiello v. United Air Lines, Inc.,* 818 F.2d 1196 (5th Cir.1987) again faced the employee handbook issue. In *Aiello,* plaintiff argued that several employee policy and procedure manuals contractually limited the defendant's ability to discharge plaintiff at will.

The court noted initially that employment manuals unilaterally issued by an employer generally do not limit the employment at-will rule. *Id.* at 1198. However, because of the detailed nature of the regulations contained in the manuals providing dismissal only for cause and the testimony of employees and supervisory personnel alike that the manuals were understood to contractually limit the at-will rule, the court held that the case was not controlled by the at-will rule. *Id.* at 1200. The court concluded that evidence supported the jury's finding that there was a written or oral contract, or a written contract with oral additions, establishing binding disciplinary standards. *Id.* at 1199–1200.

The cases discussed above exhibit a general rule in Texas that employee handbooks or personnel manuals unilaterally issued by an employer, standing alone, may not expressly or impliedly limit an employer's ability to terminate an employee at will. In order to alter the employment at-will rule, a plaintiff must rely on something more than an employee handbook; there must be evidence of an oral agreement specifically adopting the handbook as in *Brown*, or a course of conduct on the part of the employer and employees treating the handbook as a contract, as exemplified in *Aiello*.

Plaintiff argues that Texas law treats public employers differently than private employers with regard to employee handbooks and personnel manuals.[1] However, the cases cited by plaintiff do not support this position. The cases cited by plaintiff either found a property interest under the law of a different state, *see Conley v. Board of Trustees*, 707 F.2d 175 (5th Cir. 1983) (Mississippi law), *Glenn v. Newman*, 614 F.2d 467 (5th Cir.1980) (Georgia law),

and *Thurston v. Dekle*, 531 F.2d 1264 (5th Cir.1976), *vacated and remanded on other grounds*, 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978) (Florida law), or did not support plaintiff's claim of a property interest in defendant's Personnel Policy Manual, *see Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (Remanded for determination under Texas law of whether property interest existed), *Wheeler v. Mental Health and Mental Retardation Authority*, 752 F.2d 1063, 1066 (5th Cir.), *cert. denied*, 474 U.S. 824, 106 S.Ct. 78, 88 L.Ed.2d 64 (1985) (Existence of property interest stipulated), *Downing v. Williams*, 624 F.2d 612, 618 (5th Cir.1980), *vacated on other grounds*, 645 F.2d 1226 (5th Cir.1981) (statement that plaintiff was a non-probationary employee without explanation).

Yet, some cases appear to have found a property interest in continued employment based on nothing more than personnel rules issued by an employer. In *Schaper v. City of Huntsville*, 813 F.2d 709 (5th Cir.1987), the court found a property interest based upon the personnel policies adopted by the Huntsville City Council which provided for dismissal only for just cause. *Id.* at 713–14. Also, in *Bueno v. City of Donna*, 714 F.2d 484 (5th Cir.1983), the court found a property interest in the personnel policies of the City which provided for dismissal of employees only for just cause. *Id.* at 492. Interestingly however, neither the court in *Schaper*, nor the court in *Bueno*, supported the finding of a property interest by citation to Texas law, and the court finds them unpersuasive on the facts of this case.[2]

■ As previously pointed out, a property interest exists, if at all, if state law evidences a legitimate claim of entitlement

---

1. As a matter of fact, plaintiff's attorney admitted at oral argument that plaintiff would have no expectation of continued employment had he been employed by a private, rather than public entity.

2. *Schaper* and *Bueno* may be also distinguished from the present case because they involved the personnel policies of a city which were adopted by the respective city councils in their legislative capacities. There is no evidence in the present

case in what manner or capacity defendant adopted the personnel policy manual.

Further, although *Schaper* and *Bueno* did not discuss the employee's knowledge of the personnel policies, it would be difficult for the Court to hold that there was a "mutually explicit understanding" between plaintiff and defendant when plaintiff admittedly had no knowledge of the policy manual while he was employed by defendant. *See Perry*, 92 S.Ct. at 2699.

to a benefit. *Roth,* 92 S.Ct. at 2709; *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). An abundance of Texas law provides that personnel policy manuals unilaterally issued by an employer, without more, may not limit the employer's ability to terminate an employee at will. If an employee holds his or her job at the will of the employer, the employee cannot have a legitimate claim of entitlement to continued employment.

In the present case, plaintiff relies solely upon defendant's Personnel Policy Manual for the existence of a property interest in his continued employment. However, under Texas law, the manual in and of itself is legally insufficient to alter his at-will status. Further, plaintiff has failed to cite any case which reveals that public and private employers are treated differently under Texas law.

Therefore, summary judgment is appropriate with regard to plaintiff's procedural due process claim.

An Order has been signed separately and simultaneously of even date herewith.

### JUDGMENT

For the reasons expressed in the Memorandum Opinion filed of even date herewith, Motion For Summary Judgment of Defendant North Texas Municipal Water District is granted. Further, summary judgment is granted in favor of defendants Carl Riehn and James Rogers for the same reasons expressed in the Court's Memorandum Opinion.

It is, therefore, ORDERED, ADJUDGED AND DECREED that plaintiff's action be dismissed and plaintiff take nothing by his suit.

It is further ORDERED, ADJUDGED AND DECREED that plaintiff shall pay all costs of court.