Paul G. ZIMMERMAN,
Plaintiff–Appellee,

v.

H.E. BUTT GROCERY COMPANY,
Defendant–Appellant.

No. 90–8365.

United States Court of Appeals,
Fifth Circuit.

June 3, 1991.

Rehearing and Rehearing En Banc Denied
July 3, 1991.

J. Joe Harris, Matthews & Branscomb,
San Antonio, Tex., for defendant-appellant.

Raymond T. Palladino, Clyde Vance Dunnam, Dunnam, Dunnam, Horner, & Meyer, Waco, Tex., for plaintiff-appellee.

Before JOHNSON, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:

This is a Texas diversity case involving the effects of an employee manual and an employer's oral promise of lifetime employment on that state's doctrine of employment-at-will. Plaintiff–Appellee Paul Zimmerman sued Defendant–Appellant H.E. Butt Grocery Company (HEB) in Texas state court after HEB terminated Zimmerman's employment. He alleged age discrimination, defamation, invasion of privacy, intentional infliction of emotional distress, civil conspiracy, deprivation of rights guaranteed by the United States Constitution, and breach of contract. After HEB removed the case to federal district court, the district court granted summary judgment for HEB dismissing Zimmerman's claims for defamation, invasion of privacy, infliction of emotional distress, and civil conspiracy. At the commencement of the bench trial, the district court dismissed the age discrimination and constitutional claims under Fed.R.Civ.P. 41(b); but, exercising its pendent jurisdiction over the remaining state law claim, awarded Zimmerman damages for breach of contract. Zimmerman did not appeal the district court's dismissal of his other claims, but HEB appealed the award against it for breach of contract. We reverse the district court's judgment against HEB on that claim.

## I.

## BACKGROUND

Zimmerman worked for HEB at several different HEB stores in the Waco area from 1950 until termination of his employment in 1986. Zimmerman worked initially as a meat cutter and later as a meat market manager. Early in his employment, HEB gave Zimmerman a copy of its employee handbook. Most of the thirty-two pages of the handbook are devoted to company history, employee compensation and benefits, customer relations, and general work requirements. The handbook also describes disciplinary and termination procedures. The last page of the handbook is an employee signature sheet which states: "I further understand that the contents of this guide in no way constitutes an employment contract." Zimmerman signed this page and returned it to HEB but now claims that he relied upon HEB to abide by the discipline and termination procedures in the event that discipline or termination became a possibility.

After HEB terminated Zimmerman's employment, he sought other employment. He did so, however, for only two or three months, then made no further efforts to find employment.

Zimmerman claims that he had a contract of employment for his working life and that he was terminated in violation of that contract. HEB counters that Zimmerman was merely an employee at will and was terminated for failing to follow company rules, for stealing meat market inventory, and for falsifying company records.

Zimmerman testified that he believed that the employee handbook was a contract of employment because two HEB store managers and the district manager for the Waco HEB stores told him that it was a contract. Zimmerman also testified that in 1956, Howard Butt congratulated him for being HEB's youngest meat market manager, and told him that he would have a job for as long as he was able to work. Zimmerman further testified that in the early 1980's, Charles Butt, the current president of HEB and Howard Butt's son, told Zimmerman, "You've really done a good job, you've earned your way and you have a contract for life."

The record does not contain testimony or other evidence explaining the circumstances under which either laudatory statement was made. At trial, HEB made no attempt to controvert Zimmerman's testimony that such statements were in fact

made. Rather, HEB put on evidence of how it viewed the employee handbook.

The district court, ruling in Zimmerman's favor on the breach of contract claim, held that Zimmerman had a written employment contract with HEB that precluded at-will termination and that he had an oral contract for lifetime employment. Further, the district court, discrediting HEB's alleged reasons for terminating Zimmerman, emphasized that HEB had not demonstrated an adequate "for cause" reason for Zimmerman's termination. The district court awarded Zimmerman $391,051 in damages and $30,000 in attorneys' fees.

## II.

## DISCUSSION

### A. Standard of Review

■ Whether a contract exists involves both questions of fact—such as the intent of the parties—and questions of law—such as whether, the facts as found constitute a contract. On appeal, a trial court's findings of fact must be accepted unless clearly erroneous or influenced by an incorrect view of the law. *United States v. Maldonado*, 735 F.2d 809, 814 (5th Cir.1984). Questions of law, however, are reviewed de novo.

### B. Written Contract Claim—Employee Handbook

HEB argues that the district court erred in finding that the employee handbook constituted a written employment contract modifying Zimmerman's status as an at-will employee.

■ Texas courts continue to follow the historical rule that, absent a specific contract term to the contrary, employment contracts are terminable at will by either party. *East Line & Red River R.R. Co. v. Scott*, 72 Tex. 70, 75, 10 S.W. 99, 102 (1888). Therefore, to establish wrongful termination, an employee must first prove that he and his employer had a contract specifically depriving the employer of the right to terminate the employee at will.

*See Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.). An employee must also prove that the contract or agreement was in writing or, if oral, is enforceable under the statute of frauds. *See id.*

■ Texas law "general[ly] reject[s] the claim that employment manuals issued unilaterally by an employer can per se constitute written employment contracts and create specific limitations which take the cases out of the at-will doctrine." *Aiello v. United Air Lines, Inc.*, 818 F.2d 1196, 1198 (5th Cir.1987); *see Joachim v. AT & T Information Sys.*, 793 F.2d 113 (5th Cir.1986). Employee handbooks and manuals do not create contracts when the parties have not expressly agreed that the procedures contained in these materials are binding. *See, e.g., Hicks v. Baylor Univ. Med. Center*, 789 S.W.2d 299, 302 (Tex.App.—Dallas 1990, writ denied); *Vallone v. Agip Petroleum Co.*, 705 S.W.2d 757, 759 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *Reynolds Mfg. Co. v. Mendoza*, 644 S.W.2d 536, 539 (Tex.App.—Corpus Christi 1982, no writ).

In *Aiello*, however, this court recognized an exception to the Texas general rule that personnel manuals and employee handbooks do not create contractual rights. There we held that when "an employer's manual or handbook contains detailed procedures for discipline and discharge *and* expressly recognizes an obligation to discharge only for good cause, a contract modifying the at-will rule may be found." *Hicks v. Baylor Univ. Med. Center*, 789 S.W.2d 299, 302–03 (Tex.App.—Dallas 1990, no writ) (discussing the *Aiello* case). In *Aiello*, the employee handbook contained the statement that it was not a contract and that all employment was "at will," yet the court focused on three factors it deemed significant in finding that the handbook was an employment agreement that modified the employee's at-will status: (1) the employee manual contained not only detailed procedures for discipline and discharge but also an obligation to discharge

only for good cause;[1] (2) the employer followed these procedures and notified the employee that she was entitled to them; and (3) the supervisor who discharged the employee treated the provisions of the employee manual as a contractual obligation. *Aiello*, 818 F.2d at 1198; *see also Glagola v. North Tex. Mun. Water Dist.*, 705 F.Supp. 1220, 1223 (E.D.Tex.1989) ("[B]ecause of the detailed nature of the regulations contained in the manuals providing dismissal only for good cause and the testimony of employees and supervisory personnel alike that the manuals were understood to contractually limit the at-will rule, the [*Aiello*] court held that the case was not controlled by the at-will rule.").

█ In this case, the district court found that HEB, in terminating Zimmerman, felt bound by the terms of the employee handbook and "desperately, albeit fraudulently" attempted to comply with the handbook. To the extent that the district court's opinion can be construed as finding factually that HEB treated the provisions of the employee manual as a contractual obligation, the district court clearly erred. Compliance, or attempted compliance, with guidelines for discipline and discharge found in its employee manual should not be turned against an employer as evidence that it treated the manual as a contract. To equate compliance with employee manual guidelines with treatment of a manual as a contract is to create a claim "Catch 22" for employers: if an employer follows the guidelines in disciplining or discharging an employee, the employee could argue that the employer thereby treated the manual as a contract; but if an employer does not follow the guidelines, then the employee could excoriate the employer for failing to follow guidelines that it represented it would follow.

This case is further distinguishable from the facts of *Aiello* on the basis of the

obligation to discharge only for cause. Although the HEB handbook contained fairly detailed procedures for discipline and discharge, that handbook, unlike the manual in *Aiello*, did not provide that employees would only be discharged for good cause.

█ The district court also found that at least three HEB managers had represented to Zimmerman that the employee manual was a contract. While we cannot say that this finding is clearly erroneous, we do hold as a matter of law that, when viewed in light of all other evidence, including principally the absence of an obligation to terminate for cause only, this finding is insufficient to bring this case within the ambit of the *Aiello* exception.[2]

## C. Oral Contract Claim—Lifetime Employment

█ In reaching the conclusion that Zimmerman was protected by an employment contract limiting HEB's right to terminate the employment relationship for any reason other than good cause, the district court also found that Charles Butt, president of HEB, told Zimmerman that he had a contract for life. Although the district court found a similar fact in connection with the 1956 remarks of Howard Butt, the court disregarded the earlier comment as being too remote in time. The court implicitly found, however, that Charles Butt's more recent remark amounted to an oral agreement to provide lifetime employment to Zimmerman. The district court then concluded that such an oral agreement was not barred by the Texas statute of frauds because it was capable of being performed within a year.

On appeal, HEB argues that the district court erred in holding that an oral promise of lifetime employment is not barred by the statute of frauds, Tex.Bus. & Com.Code Ann. § 26.01(b)(6) (Vernon 1987). We agree with HEB on this issue.[3] Texas case

---

**1.** In the *Aiello* case, the employer stipulated in its pretrial order that its personnel policies prohibited it from discharging an employee without good cause. *Aiello*, 818 F.2d at 1198.

**2.** We have found no cases applying the *Aiello* exception. Indeed, Texas courts have yet to

decide whether *Aiello* correctly applied Texas law. *See Hicks*, 789 S.W.2d at 303.

**3.** Because we agree with HEB that the oral contract of lifetime employment is unenforceable under Texas law, it is unnecessary for us to reach the questions (1) whether, as a matter of

law clearly establishes that oral promises of *lifetime employment* are barred by the statute of frauds. *Benoit v. Polysar Gulf Coast, Inc.,* 728 S.W.2d 403, 406 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.); *see also Falconer v. Soltex Polymer Corp.,* No. 89–2216, 886 F.2d 1312 (5th Cir. Sept. 12, 1989) (unpublished opinion) ("The promise of lifetime or permanent employment is that type of employment agreement which must be reduced to writing to be enforceable."); *cf. Pruitt v. Levi Strauss & Co.,* 932 F.2d 458 (5th Cir.1991) (decided today by this panel) (finding this court's earlier decision in *Falconer* precedential and holding that a contract of employment for as long as the employee performs satisfactorily is barred by the Texas statute of frauds).

### D. Mitigation of Damages

HEB argues that the district court misapplied Texas law by awarding damages to Zimmerman in the form of lost wages and benefits for the period of time after Zimmerman ceased to make any effort whatsoever to find other employment. Because we find that no enforceable contract, either written or oral, existed between HEB and Zimmerman to modify Zimmerman's status as an at-will employee, HEB cannot be held liable for breach of contract damages. Therefore, we need not reach this issue.

### III.

### CONCLUSION

For the foregoing reasons, we REVERSE the judgment of the district court in favor of Zimmerman, and we RENDER judgment in favor of HEB.

law, *Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 1223–25, 113 L.Ed.2d 190 (1991), Charles Butt's hyperbolized compliment to Zimmerman could affect a change in Zimmerman's contractual relationship from at-will to lifetime employment, or (2) whether the district court was clearly erroneous in its factual finding that Mr. Butt intended his off-hand remark to have such an effect.