NUMBER
13-00-00271-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG

 

MATAGORDA COUNTY HOSPITAL DISTRICT,                       Appellant,

 

                                                   v.

 

CHRISTINE BURWELL,                                                Appellee.

 

   On appeal from the 130th District
 Court of Matagorda County, Texas.

 

               OPINION ON MOTION FOR REHEARING

 

                    Before Justices Dorsey, Hinojosa, and
Castillo

                                 Opinion by
Justice Hinojosa

 








Appellant, Matagorda County
Hospital District (AMCHD@),
has filed a motion for rehearing asserting Athis
Court wholly failed to address a properly preserved point of error/issue raised
by the Hospital District@ regarding the revocability of the
employment manual.  MCHD does not explain
why it contends the revocability issue was Aproperly
preserved.@[1] 
Nevertheless, because MCHD complained on appeal that the evidence was
legally and factually insufficient, we will address the revocability issue as
part of MCHD=s sufficiency complaint.

MCHD asserts the evidence
conclusively established that its employment manual was unilaterally revocable
at will.  MCHD=s district administrator testified
that MCHD could revise its employment manual without the employees= consent.

MCHD contends this Court=s opinion in Reynolds Mfg. Co.
v. Mendoza, 644 S.W.2d 536 (Tex. App.BCorpus Christi 1982, no writ),
stands for the proposition that where there is no express agreement limiting
the employer=s right to unilaterally amend or
withdraw the personnel manual, no modification of the at-will employment
doctrine will be found.  See also
Williams v. Wal-Mart Stores, Inc., 882 F. Supp. 612, 616 (S.D. Tex. 1995); Brown
v. City of Galveston, 870 F. Supp. 155, 160 (S.D. Tex. 1994) (citing Reynolds
Mfg. Co., 644 S.W.2d at 539).  We
conclude the Reynolds case is factually distinguishable from the instant
case.








In Reynolds, we reversed
jury findings in favor of a discharged employee because, Athere is no evidence of any express
agreement which dealt with procedures for discharge of employees, unless the
employee handbooks can be read as such.@ 
Reynolds Mfg. Co., 644 S.W.2d at 539.  We reviewed and analyzed the express terms of
Reynolds=s employee handbook.  In conducting that analysis, we distinguished
cases involving employee manuals containing express procedures for employee
discharge.  See id. (citing Mansell
v. Tex. & Pac. Ry. Co., 135 Tex. 31, 137 S.W.2d 997, 999-1000 (1940); Hardison
v. A.H. Belo Corp., 247 S.W.2d 167, 168 (Tex. Civ. App.BDallas 1951, no writ)).

The remaining cases cited by MCHD
in the motion for rehearing also distinguish cases involving employee manuals
which limit the employer=s right to terminate an employee, see
Brown v. City of Galveston, 870 F. Supp. 155, 159-60 & n.3 (S.D. Tex.
1994), or are factually distinguishable, see Werden v. Nueces County Hosp.
Dist., 28 S.W.3d 649, 651 (Tex. App.BCorpus Christi 2000, no pet.)
(handbook expressly providing that it is not a contract, can be changed at any
time, and that employment is at-will); Gamble v. Gregg County, 932
S.W.2d 253, 255 (Tex. App.BTexarkana 1996, no writ) (manual
expressly providing that county may unilaterally change).

In the instant case the evidence
includes the internally conflicting language of MCHD=s employee manual which expressly
limits MCHD=s right to terminate an employee.  The record also includes the testimony of
MCHD=s business office manager and chief
financial officer.  Both of these
individuals were involved in the decision to terminate Burwell, and both
testified that the personnel manual provided they could only terminate a
subordinate employee for cause.








To rebut the presumption of
employment at-will, an employment contract must directly limit in a Ameaningful and special way@ the employer=s right to terminate the employee
without cause.  Rios v. Tex.-Commerce
Bancshares, Inc., 930 S.W.2d 809, 815 (Tex. App.BCorpus Christi 1996, writ
denied).  An employer=s statements concerning termination
rights in employment literature may modify the at-will relationship if the
statements specifically and expressly curtail the employer=s right to terminate the
employee.  Vida v. El Paso Employees= Fed. Credit Union, 885 S.W.2d 177, 181 (Tex. App.BEl Paso 1994, no writ); McAlister
v. Medina Elec. Coop., Inc., 830 S.W.2d 659, 664 (Tex. App.BSan Antonio 1992, writ denied).

We hold the evidence is legally and
factually sufficient to support the jury=s finding that a contract for
employment existed between Burwell and MCHD. 
We deny MCHD=s motion for rehearing.

 

 

FEDERICO G. HINOJOSA

Justice

 

Justice Castillo is dissenting.

 

Publish.  Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

19th day of December, 2002.

 

* * * * * * * * * * * *

 

 

 

 

 

      DISSENTING OPINION ON MOTION FOR REHEARING

 

                    Before
Justices Dorsey, Hinojosa, and Castillo

                          Dissenting
Opinion by Justice Castillo

 

 










I
respectfully dissent.  The
majority departs, without explanation, from our own precedent.  See Reynolds Mfg. Co. v. Mendoza, 644 S.W.2d 536 (Tex. App.BCorpus Christi 1982, no writ).  I would hold that the evidence was
insufficient as a matter of law to support the jury=s finding of the existence of an
employment contract between appellant Matagorda County Hospital District and
appellee Christine Burwell.  I would
grant MCHD=s motion for rehearing, reverse the
judgment, and render a take-nothing judgment against Burwell. 

                                  THE
UNILATERAL-REVOCATION RULE

Our complete holding in Reynolds
was this:

[T]here is no evidence of any express
agreement which dealt with procedures for discharge of employees, unless the employee
handbooks can be read as such. We do not believe that they can be so read. Reynolds
was in no way prevented from unilaterally amending or even totally withdrawing
its handbook. In fact, the original handbook was amended once during Mendoza's employment. We believe that the
handbooks constituted no more than general guidelines. 

 

Reynolds, 644 S.W.2d at 539 (emphasis
added).  Here, the undisputed evidence at
trial proved that MCHD retained the right to unilaterally revoke its Personnel
Policy Manual.  This single fact is not
only dispositive but also indistinguishable from the facts in Reynolds. 












For compelling reasons, on occasion we do
overrule earlier decisions.  I dissent
here because the unilateral-revocation rule we articulated in Reynolds is ensconced firmly in Texas jurisprudence.  In the twenty years since we handed down that
decision, Reynolds= progeny in case after case have
followed our unambiguous holding:  when
an employer retains the right to revoke or amend an employee manual,
termination procedures outlined in the manual do not alter the employees= at-will status.  Id.[2] 
The majority disregards our own precedent as well as a basic tenet of Texas employment law.  

Federal courts also have followed Reynolds.[3]  The Fifth Circuit cited our opinion in
analyzing the effect in Texas of employee manuals on at-will status:  ATexas law >general[ly] reject[s] the claim that employment manuals issued unilaterally
by an employer can per se constitute written employment contracts and create
specific limitations which take the cases out of the at‑will doctrine.=@  Zimmerman
v. H.E. Butt Grocery Co., 932 F.2d 469, 471 (5th Cir. 1991) (emphasis
added) (quoting Aiello v. United Air Lines, Inc., 818 F.2d 1196, 1198
(5th Cir. 1987)).  












Nonetheless, the majority focuses on two
facts: (1) MCHD=s Personnel Policy Manual details
procedures for employee discharge;[4]
and (2) MCHD=s representatives testified they believed
they only could terminate an employee for cause.  As to the first circumstance, the unilateral
revocability of MCHD=s Personnel Policy Manual renders any limitation contained in
the manual on MCHD=s right to terminate an employee of
no legal consequence.  Reynolds,
644 S.W.2d at 539.  Thus, I do not find that evidence of
detailed termination procedures in the manual supports the jury=s verdict in this case.  As to the second circumstance, the subjective
belief of an employer=s managers in the necessity of compliance
with termination procedures in an employee handbook does not create an
exception to the at-will doctrine.  Zimmerman,
932 F.2d at 472.  Thus, I also do not
find relevant, or dispositive, the testimony of Burwell and other MCHD managers
that they understood that an MCHD employee could be terminated only for
cause.  Id.  Finally, MCHD=s Personnel Policy Manual not only specified grounds supporting termination for cause but also
inconsistently provided that A[e]mployment at the Hospital is by mutual
arrangement and may be terminated by either the employee or the employer.@  Accordingly, I would hold that
evidence of the unilateral revocability of MCHD=s
Personnel Policy Manual conclusively established as a matter of law the
opposite of Burwell=s claim of a binding employment
contract.  Merrell
Dow Pharms. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  

                                                    CONCLUSION












We follow precedent for reasons of
efficiency, fairness, and legitimacy.  Strong policies[5]
support our practice of adhering to settled rules of law Aunless there exists the strongest reasons
for chang[e].@  Benavides
v. Garcia, 290 S.W. 739, 740‑41 (Tex. Comm=n App. 1927, judgm=t adopted).  My dissent should not be read to condemn
reasoned evolution when continued application of a judicially created rule of
law no longer furthers the interests it once served and Athe general interest will suffer less by
such departure, than from a strict adherence.@  See Lehmann v. Har‑Con Corp., 39
S.W.3d 191, 215 (Tex. 2001) (quoting Benavides, 290 S.W. at 740).  In that event, we should not hesitate to
revisit a prior holding.  

The majority does not give a reason for
our departure today from Reynolds, and with that I also disagree. 
The majority should
announce a repudiation of Reynolds 
so that employers, particularly publicly funded entities like MCHD, know
they may rely no longer on the
unilateral-revocation rule as a bulwark against breach-of-contract claims by
terminated employees.    

 

ERRLINDA CASTILLO

Justice

 

Publish.

Tex. R. App. P. 47.3.

 

Dissenting Opinion delivered and filed

this 19th day of December, 2002.



 











[1] The
revocability issue was not raised in MCHD=s
original motion for summary judgment, in its motion for new trial, or in a
motion for judgment notwithstanding the verdict.





[2]
See, e.g., Stephens v. Dallas Area Rapid Transit, 50 S.W.3d 621, 635
(Tex. App.BDallas 2001, pet. denied)
(supp. op. on mot. for reh=g); Mott v. Montgomery County, 882 S.W.2d
635, 638-39 (Tex. App.BBeaumont 1994, writ
denied); Alcorn v. Vaksman, 877 S.W.2d 390, 422 (Tex. App.BHouston [1st Dist.] 1994,
writ denied); Day & Zimmermann, Inc. v. Hatridge, 831 S.W.2d 65, 69-70
(Tex. App.BTexarkana 1992, writ
denied); Ryan v. Superior Oil Co., 813 S.W.2d 594, 596 (Tex. App.BHouston [14th Dist.]
1991, writ denied); Hicks v. Baylor Univ. Med. Ctr, 789 S.W.2d 299, 302
(Tex. App.BDallas 1990, writ
denied); Berry v. Doctor=s Health Facilities, 715 S.W.2d 60, 61 (Tex.
App.BDallas 1986, no
writ).  I find only
one exception in Texas to a straightforward application of the
unilateral-revocation rule.  United Transp. Union v.
Brown,
694 S.W.2d 630, 633 (Tex. App.BTexarkana 1985, writ ref=d n.r.e.).  Brown is distinguishable in that the
jury found that the employer on hiring had expressly promised the employee, who
resigned at the employer=s request from
a union that guaranteed certain employment conditions, that she would not lose
any job protection rights. 





[3]
See, e.g., Glagola v. N.
 Tex. Mun. Water Dist., 705
F.Supp. 1220, 1222 (E.D. Tex. 1989). 





[4]
The majority concludes that we distinguished in Reynolds cases involving
employee manuals containing express procedures for employee discharge.  However, the facts in Reynolds
included just such a manual.  





[5]
We should give due consideration to the settled expectations of litigants who
justifiably rely on the principles articulated in our precedents.  See Quill Corp. v. N. Dakota, 504 U.S.
298, 321 (1992) (Scalia, J., concurring) (A[R]eliance
on a square, unabandoned holding of the Supreme Court is always justifiable
reliance. . . .@).