# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit
_____

No. 95-11104
_____

CARYLON COOK

Plaintiff-Appellee,

VERSUS

M.L. KUHN ENTERPRISES, INC., d/b/a NATIONAL HEALTH ADMINISTRATORS,

Defendant-Appellant,

_____

Appeal from the United States District Court
For the Northern District of Texas
_____

June 11, 1996

Before GARWOOD, DAVIS, and DeMOSS, Circuit Judges

PER CURIAM:[1]

NHA appeals the trial court's denial of its motion for a take-nothing judgment. We REVERSE.

I.

Carylon Cook worked at National Health Administrators (NHA) as a clerk in the licensing/appointment operation between November 15, 1992 and May 28, 1993. On May 28, 1993, Cook took medical leave for abdominal surgery and was absent for six weeks. During Cook's absence, another employee took over her desk and reported a substantial number of errors by Cook. Management also received complaints about Cook's work from managers in the field. NHA decided to retain the other employee in Cook's position and informed Cook at the end of her medical leave that it had no position available for her.

After applying for several other jobs at NHA and being informed that she would not be considered, Cook sued claiming race discrimination in violation of Title VII and breach

_____

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

of contract. The jury found no discrimination but found that NHA's employee handbook was a contract between Cook and NHA and that NHA had breached the contract by terminating Cook. NHA moved for a take-nothing judgment on the ground that the handbook did not constitute a contract as a matter of law and now appeals the trial court's denial of its motion and award of attorney's fees to Cook as a prevailing party under Texas Civil Practice & Remedies Code § 38.001.

## II.

"The long-standing rule in Texas provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary." Federal Express Corp. v. Dutschmann, 846 S.W.2d 282 (Tex. 1993). Modifications of at-will status must be express, specific and reciprocal. Figueroa v. West, 902 S.W.2d 701, 705 (Tex. Ct. App. 1995); Cote v. Rivera, 894 S.W.2d 536, 540 (Tex. Ct. App. 1995); Joachim v. AT&T Info. Sys., 793 F.2d 113, 114 (5th Cir. 1986).

NHA's handbook states that NHA will not be bound by the handbook and that NHA reserves the right to change its policies at any time. The handbook offers no detailed language of specific disciplinary procedures or an employer obligation to discharge only for good cause.

Cook relies on language in a section entitled "Leaves of Absence" to support her contract claim. That section states in relevant part that:

> Leaves of absence shall be granted in cases of sickness, and may be granted for other purposes at the discretion of Management.

> * * *

> The company will make an effort to reinstate an employee to the same position he/she previously occupied or to a similar position following a leave of absence.

Cook argues that this section obligated NHA to grant her a leave of absence and to re-employ her when she returned. A personal letter addressed to Cook at the time of her leave, referred to the policy manual's language and told her to contact her supervisor to

2

"discuss the availability of [her] future employment with NHA" when she was fully recovered.

These sections of the employee handbook do not, as a matter of law, create a contractual duty on the part of NHA to rehire Cook. They make no express limitations on the company's right to discharge Cook and Cook can point to nothing that makes this language a reciprocal agreement. Cook relies heavily on this court's decision in Aiello v. United Air Lines, Inc., 818 F.2d 1196 (5th Cir. 1987). However, in Aiello, the manual contained "specific disciplinary procedures and an employer obligation to discharge only for just cause." Id at 1198. Additionally, in Aiello, the court found that the employee's supervisors had "agreed to or recognized the modification of an at-will concept by recognizing the obligation to discharge only for cause." Id. at 1199.

NHA's manual begins with an explanation that it can unilaterally alter its policies at any time and that the manual's contents do not bind it in individual cases. The manual contains no specific limits on termination or disciplinary procedures and Cook has provided no evidence that NHA management expressly agreed to discharge her only for good cause. Cook failed to present evidence sufficient to allow a rational jury to find that the manual was a contract under Texas law.[2] For these reasons, we REVERSE the trial court's judgment and RENDER a take-nothing judgment in favor of NHA.

REVERSED and RENDERED.

---

[2]Since Cook has not prevailed on her contract claim she is not entitled to attorney's fees under Texas Civil Practice & Remedies Code § 38.001.